UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEFFREY J. BROLL, | § | No. 5:17–CV–1243–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| NATIONAL ASSET SERVICES, INC.; | § | |
| SCI KEYSTONE AT ALAMO | § | |
| HEIGHTS FUND, LLC; SCI | § | |
| KEYSTONE–COUNTRY FUND, | § | |
| LLC; and SCI FUND MANAGER I, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

ORDER: (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (DKT. # 24); (2) GRANTING DEFENDANTS SCI KEYSTONE AT ALAMO HEIGHTS FUND LLC, SCI KEYSTONE-COUNTRY FUND LLC, AND SCI FUND MANAGER I LLC'S MOTION TO DISMISS (DKT. # 7); (3) DENYING AS MOOT DEFENDANT NATIONAL ASSET SERVICES' MOTION FOR MORE DEFINITE STATEMENT (DKT. # 8); AND (4) INSTRUCTING THE CLERK'S OFFICE TO <u>ENTER JUDGMENT AND TO CLOSE THIS CASE</u>

Before the Court are three motions: (1) an Amended Motion for Leave to File a First Amended Complaint filed by Plaintiff Jeffrey J. Broll ("Plaintiff" or "Broll") on March 2, 2018 (Dkt. # 24); (2) a Motion to Dismiss filed by Defendants SCI Keystone at Alamo Heights Fund, LLC ("SCI Keystone–Alamo Heights"), SCI Keystone-Country Fund, LLC ("SCI Keystone–Country Fund"), and SCI Fund Manager I, LLC ("SCI Fund Manager") (collectively, "SCI

1

Defendants") on January 19, 2018 (Dkt. # 7); and (3) a Motion for More Definite Statement filed by Defendant National Asset Services ("NAS") on January 19, 2018 (Dkt. # 8). Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing. After careful consideration of the memoranda filed in support of and in opposition to the motions, the Court—for the reasons that follow—(1) **DENIES** Plaintiff's Amended Motion for Leave to File a First Amended Complaint (Dkt. # 24); (2) **GRANTS** SCI Defendants' Motion to Dismiss (Dkt. # 7); and (3) **DENIES AS MOOT** NAS' Motion for More Definite Statement (Dkt. # 8).

## BACKGROUND

Plaintiff owns a fractional interest in a property located at 384 Treeline Park in San Antonio, Texas (the "Property"). (Dkt. # 1 ¶ 8.) NAS is the asset manager of the Property, which is owned by several parties, including SCI Keystone–Alamo Heights. (Id.) SCI Fund Manager is the manager of SCI Keystone–Alamo Heights. (Id.) The Complaint, filed on December 7, 2017, alleges that "the Property is being sold to a third party without obtaining unanimous consent of all the fractional owners of the Property[,] including the consent of Broll." (Id.) In his Complaint, Plaintiff asserts claims against SCI Defendants and NAS (collectively, "Defendants") for breach of contract. (Id. ¶¶ 10–17.)

On January 19, 2018, SCI Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. # 7.) That same day, NAS filed a Motion for More Definite Statement. (Dkt. # 8.)

On February 16, 2018, after receiving an extension of the deadline to file his responses to the instant motions, Plaintiff contemporaneously filed: (1) a response in opposition to SCI Defendants' Motion to Dismiss (Dkt. # 17); (2) a response in opposition to NAS' Motion for More Definite Statement (Dkt. # 18); and (3) a Motion for Leave to File a First Amended Complaint (Dkt. # 19).

On March 2, 2018, SCI Defendants filed a reply to Plaintiff's response in opposition to SCI Defendants' Motion to Dismiss. (Dkt. # 23.) That same day, Plaintiff filed an Amended Motion for Leave to File a First Amended Complaint, thereby mooting his original Motion for Leave. (Dkt. # 24.) Plaintiff's Amended Motion for Leave arises from SCI Defendants' motion to dismiss for lack of subject matter jurisdiction. (Dkt. # 7.) Plaintiff originally alleged jurisdiction was proper based on diversity of citizenship under 28 U.S.C. § 1332. (Dkt. # 1 ¶ 7.) SCI Defendants' Motion to Dismiss, however, alleges that there is not complete diversity between the parties because Plaintiff and a member of SCI Keystone–Country Fund, Richard Wallach ("Wallach"), are both citizens of Illinois. (Dkt. # 7-1, Ex. 1.) Accordingly, Plaintiff seeks leave from the Court to amend his

Complaint to add claims under the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77a et seq., thereby invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331.[1]  (Dkt. # 24.)

On March 9, 2018, SCI Defendants timely filed a response in opposition to Plaintiff's Amended Motion for Leave to File a First Amended Complaint.  (Dkt. # 26.)  NAS did not file a response to Plaintiff's Amended Motion for Leave or a reply to Plaintiff's response in opposition to NAS' Motion for More Definite Statement, and the deadline to file both under the Local Rules has since passed.

## LEGAL STANDARDS

I.  Leave to Amend Under Rule 15(a)

Rule 15 of the Federal Rules of Civil Procedure provides that, if the time period has passed for a party to amend as a matter of course, leave to amend pleadings "shall be freely given [by the court] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy underlying this rule is liberal in favor of permitting amendment of pleadings, and Rule 15(a)—by its text—favors the granting of leave to amend.  Unless there is a substantial reason to deny leave to amend, the discretion of the court is not broad enough to permit denial.  Stripling v. Jordan

---

[1] The proposed Amended Complaint also adds two separate state law claims. (Dkt. # 24, Ex. A ¶¶ 42–50.)  These claims, however, do not confer subject matter jurisdiction on this Court and are therefore not specifically addressed in this Order.

4

Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000). In determining whether to allow an amendment under Rule 15(a), the court considers whether allowing the amendment would cause undue prejudice to the nonmovant, undue delay in the proceedings, and whether the movant is acting in bad faith or with a dilatory motive. Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

II.     Dismissal Under Rule 12(b)(1)

Under Rule 12 of the Federal Rules of Civil Procedure, a district court must dismiss an action if it finds that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). The party asserting jurisdiction has the burden of proving that the district court has subject matter jurisdiction. Morris v. Thompson, 852 F.3d 416, 419 (5th Cir. 2017). When evaluating a Rule 12(b)(1) motion, the court may dismiss a suit "for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

III.    Motion for More Definite Statement Under Rule 12(e)

Federal Rule of Civil Procedure 8(a) requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to

5

relief." Fed. R. Civ. P. 8(a). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under [Federal Rule of Civil Procedure] 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). A district court will grant a motion for a more definite statement pursuant to Rule 12(e) when the pleading at issue is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. P. 12(e). Given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. Nebout v. City of Hitchcock, 71 F. Supp. 2d 702, 706 (S.D. Tex. 1999). At the same time, however, the Supreme Court has noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. Swierkiewicz, 534 U.S. at 514; Murungi v. Tex. Guaranteed, 646 F. Supp. 2d 804, 811 (E.D. La. 2009). In deciding whether to grant a Rule 12(e) motion, "[t]he trial judge is given considerable discretion." Murungi, 646 F. Supp. 2d at 811.

## DISCUSSION

I.      Leave to Amend

The Court first considers Plaintiff's Amended Motion for Leave to File a First Amended Complaint. (Dkt. # 24.) In his motion, Plaintiff argues that leave should be granted because the proposed amendments will not cause undue

6

delay or prejudice Defendants. (Id. at 3.) In response, SCI Defendants contend that leave to amend should be denied because the federal claims Plaintiff attempts to add are either not recognized as private causes of action or are barred by the applicable statute of limitations. (Dkt. # 22 at 3; Dkt. # 25 at 3–6.) Since Plaintiff cannot state a claim for which relief can be granted, SCI Defendants argue that the proposed amendments are futile and thus leave to amend should not be granted. (Dkt. # 22.) The Court agrees.

Granting leave to amend would be futile if "the amended complaint would fail to state a claim upon which relief could be granted." Stripling, 234 F.3d at 872–73. Thus, in determining whether an amendment would be futile the court uses "the same standard of legal sufficiency [that] applies under Rule 12(b)(6)." Id. (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Id. (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000)) (internal quotation marks omitted).

    A.    <u>Section 17(a) of the Securities Act</u>

Plaintiff seeks to amend his Complaint to add a claim for securities fraud under Section 17(a) of the Securities Act ("Section 17(a)"), 15 U.S.C.

§ 77q(a)(1)–(3).[2] (Dkt. # 24-1, Ex. A at 8–9.) Plaintiff attempts to use this claim to establish subject matter jurisdiction under 28 U.S.C. § 1331. (Dkt. # 17 at 3–4.) However, the Fifth Circuit does not recognize a private cause of action under Section 17(a). See Landry v. All Am. Assur. Co., 688 F.2d 381, 389–91 (5th Cir. 1982) (holding that Section 17(a) did not create a private cause of action); see also Stephenson v. Paine Webber Jackson & Curtis, Inc., 839 F.2d 1095, 1100 (5th Cir. 1988) (affirming a district court's dismissal of a Section 17(a) claim because it "does not create an implied private cause of action"); Keys v. Wolfe, 709 F.2d 413 (5th Cir. 1983) (affirming district court's conclusion that Section 17(a) did not

---

[2] 15 U.S.C. § 77q provides in relevant part:

> **Use of interstate commerce for purpose of fraud or deceit.** It shall be unlawful for any person in the offer or sale of any securities (including security-based swaps) or any security-based swap agreement (as defined in section 78c(a)(78) of this title) by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly
>
> (1) to employ any device, scheme, or artifice to defraud, or
>
> (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
>
> (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

15 U.S.C. §§ 77q(a)(1)–(3).

8

create a private right of action); Park v. Kruse, No. 3:12-CV-04035-P, 2013 WL 12124253, at *3 (N.D. Tex. Mar. 8, 2013) ("[S]ince no private right of action exists under Section 17(a), Plaintiff fails to state a claim."); Fishman v. Morgan Keegan & Co., No. 10-CV-2, 2011 WL 3705187, at *4 (E.D. La. Aug. 24, 2011) (dismissing claims because the statute did not provide a private cause of action for claims brought under Section 17(a)); Earle v. Aramark Corp., No. 3:03-CV-2960, 2005 WL 473675, *3 (N.D. Tex. 2005) (recognizing that "[t]he Fifth Circuit does not recognize a private right of action under Section 17(a) of the Securities Act of 1933"). Because the proposed addition would not state a claim upon which relief could be granted, allowing Plaintiff to amend his Complaint to add a claim under Section 17(a) would be futile. See Stripling, 234 F.3d at 872–73. Accordingly, Plaintiff's Amended Motion for Leave is **DENIED** as to this claim.

B. Section 12 of the Securities Act

In addition to the claim under Section 17(a), Plaintiff seeks to add a cause of action under Section 12 of the Securities Act ("Section 12"), 15 U.S.C. § 77l(a)(2).[3] (Dkt. # 24 ¶ 12.) That claim, however, is time-barred.

---

[3] Title 15 U.S.C. § 77l(a)(2) provides:

> Any person who . . . offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraphs (2) and (14) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means

9

Pursuant to 15 U.S.C. § 77m,[4] claims brought under 15 U.S.C. § 77l(a)(2) are required to be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made

---

of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission[] shall be liable, subject to subsection (b), to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

15 U.S.C. § 77l(a)(2).

[4] Title 15 U.S.C. § 77m states in its entirety:

No action shall be maintained to enforce any liability created under section 77k or 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(a)(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77l(a)(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale.

15 U.S.C. § 77m.

by the exercise of reasonable diligence[.]" 15 U.S.C. § 77m; see also Topalian v. Ehrman, 954 F.2d 1125, 1135 (5th Cir. 1992) (dismissing a claim under Section 77l(a)(2) because it was brought outside the one-year limitations period). Moreover, "[i]n no event shall any such action be brought to enforce a liability created . . . under [S]ection 77l(a)(2) of this title more than three years after the sale." 15 U.S.C. § 77m. This three-year limitation is a statute of repose, imposing "an outside limit" on temporal liability, and is not subject to equitable tolling. Cal. Pub. Emps. Ret. Sys. v. ANZ Secs., Inc., 137 S. Ct. 2042, 2049, 2051 (2017); see also Corwin v. Marney, Orton Invs., 788 F.2d 1063, 1066 (5th Cir. 1986) ("[Section 77m] creates an absolute bar, and the normal tolling rules are not applicable to toll the three-year period.").

SCI Keystone–Country Fund and SCI Keystone–Alamo Heights acquired the Property on March 30, 2007. (Dkt. # 17-1, Ex. A ¶ 11; Dkt. # 25 at 5.) By Plaintiff's own admission, Plaintiff purchased this "security" in 2007 through SCI Keystone–Alamo Heights. (Dkt. # 17 at 3.) Plaintiff, however, did not raise his claims challenging the allegedly untrue misstatements or omissions until March 2, 2018, when Plaintiff filed his Amended Motion for Leave to File a First Amended Complaint. (Id.; Dkt. # 24.) By operation of the three-year statute of repose, since more than three years have elapsed between the offer and sale of the ownership interest in the Property, Plaintiff's claim under Section 77l is

11

time-barred. 15 U.S.C. § 77m. Accordingly, the Court **DENIES** Plaintiff's Amended Motion for Leave to add a Section 77l claim. (Dkt. # 24.)

    C.    Conclusion

Plaintiff seeks to amend his Complaint to add two claims under the Securities Act, one of which is not a viable cause of action and the other of which is barred under the applicable statute of repose. Because the proposed amendments are futile, the Court **DENIES** Plaintiff's Amended Motion for Leave to File a First Amended Complaint. (Id.) The operative complaint in this case is Plaintiff's Original Complaint, which is the subject of SCI Defendants' Motion to Dismiss and NAS' Motion for More Definite Statement (discussed *infra*).

II.    Subject Matter Jurisdiction

The Court now turns to SCI Defendants' Motion to Dismiss Plaintiff's Original Complaint. (Dkt. # 7.) SCI Defendants move to dismiss Plaintiff's Original Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, arguing there is not complete diversity between the parties. (Id.) The Court agrees.

Original jurisdiction for federal courts may be based on either the existence of a federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332. Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010). In his Original Complaint, Plaintiff asserts that jurisdiction is

proper based on diversity of citizenship. (Dkt. # 1 ¶ 7.) Since Plaintiff asserts only a common law breach of contract claim and a request for a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practices and Remedies Code, there are no federal questions and no federal causes of action in this case. Thus, original jurisdiction over this action must be based on diversity of citizenship under 28 U.S.C. § 1332.

Diversity jurisdiction exists when two requirements are met: (1) the amount in controversy exceeds $75,000; and (2) there is complete diversity of citizenship between the parties—that is to say, all plaintiffs must be citizens of different states than all defendants. 28 U.S.C. § 1332; Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). In diversity actions, an LLC's citizenship is the citizenship of its members. Harvey, 542 F.3d at 1080; see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenships of every member of every LLC or partnership involved in a litigation."). An individual's citizenship is the place of his or her domicile. See Mullins v. TestAm., Inc., 564 F.3d 386, 397 n.6 (5th Cir. 2009); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."). "Diverse citizenship must be present at the time the

complaint is filed, and it is not affected by 'subsequent changes in the citizenship of the parties.'" Morris v. SWDI, LLC, 872 F. Supp. 2d 499, 505 (E.D. La. 2012) (quoting Mas v. Perry, 489 F.2d 1396, 1398–99 (5th Cir. 1974)).

The Court does not have subject matter jurisdiction over this action. SCI Defendants assert, and Plaintiff does not dispute, that when Plaintiff filed this suit both he and Richard Wallace, a member of SCI Keystone, were citizens of Illinois. (Dkt. # 1 ¶ 1; Dkt. # 7-1, Ex. A ¶ 2; Dkt. # 17.) Since the parties were not diverse at the time Plaintiff filed his Complaint, the Court does not have subject matter jurisdiction over the suit. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 209 (5th Cir. 2016) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (quoting Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005))).

Based on the foregoing, the Court **GRANTS** SCI Defendants' Motion to Dismiss. (Dkt. # 7.) Moreover, since "[a] failure of complete diversity . . . contaminates every claim in the action," the Court **DENIES AS MOOT** NAS' Motion for More Definite Statement. (Dkt. # 8.) The claims against all named Defendants in this case are **DISMISSED WITHOUT PREJUDICE**.

CONCLUSION

For the reasons stated, the Court: (1) **DENIES** Plaintiff's Amended Motion for Leave to File a First Amended Complaint (Dkt. # 24); (2) **GRANTS** SCI Defendants' Motion to Dismiss (Dkt. # 7); and (3) **DENIES AS MOOT** NAS' Motion for More Definite Statement. (Dkt. # 8.) In light of the foregoing, Plaintiff's Original Complaint against National Asset Services Inc., SCI Keystone at Alamo Heights Funds LLC, SCI Keystone–Country Fund LLC, and SCI Fund Manager I LLC is **DISMISSED WITHOUT PREJUDICE**. The Clerk's office is **INSTRUCTED** to **ENTER JUDGMENT** and to **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, April 13, 2018.

David Alan Ezra
Senior United States Distict Judge